4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jerry Christopher THOMAS, Defendant-Appellant.
 No. 92-5220.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 28, 1993.
Decided: September 8, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CR-91-21)
 C. Winston Gilchrist, Federal Public Defender's Office, Raleigh, North Carolina, for Appellant.
 Margaret Person Currin, United States Attorney, Robert Daniel Potter, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jerry Thomas appeals from his sentence following conviction by jury trial of mailing a communication threatening to take the life of the President. 18 U.S.C. Sec. 871 (1988). Because the district court did not err in refusing to reduce Thomas' base offense level nor in departing upward by three offense levels, we affirm.
 
 I.
 
 2
 In 1990 when Thomas was a North Carolina prisoner serving a seventeen-year sentence for breaking and entering and auto theft, he mailed a signed letter to the Secret Service threatening to escape from prison and kill the President. He pled not guilty to making threats against the President in violation of 18 U.S.C.Sec. 871. During his trial, Thomas admitted sending the letter but contended that his threats were not motivated by any animosity toward the President. Rather, Thomas claimed that by writing the letter he wanted to get himself transferred into federal prison where he thought conditions would be better, and where he believed he would get more privileges. The jury found Thomas guilty.
 
 
 3
 At sentencing, the court declined to reduce Thomas' offense level by four under United States Sentencing Commission, Guidelines Manual, Sec. 2A6.1(b)(2) (Nov. 1991), finding that Thomas' conduct evidenced considerable deliberation. The court denied Thomas' request for a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a). The court also decided to depart upwardly by three offense levels because the President was the subject of the threat. See U.S.S.G. Sec. 3A1.2, comment. (n.2). Thomas appeals from these sentencing decisions.
 
 II.
 
 4
 Penalties for offenses involving threatening communications are governed by U.S.S.G. Sec. 2A6.1. Subsection (b) provides in part:
 
 
 5
 (1) If the defendant engaged in any conduct evidencing an intent to carry out such threat, increase by[6] levels.
 
 
 6
 (2) If specific offense characteristic Sec. 2A6.1(b)(1) does not apply, and the defendant's conduct involved a single instance evidencing little or no deliberation, decrease by[4] levels.
 
 
 7
 The court declined to reduce Thomas' base offense level under subsection (b)(2) above because "his conduct did evidence considerable deliberation by his own account." The court noted that his purported scheme to be transferred to a federal prison was thought through, involved several deliberations, and was not"emotionally done on the spur of the moment or out of anger or with little thought." The record shows that Thomas included detailed accounts of his past behavior in his communication to make his threat appear believable, and that he reiterated his threat verbally and in writing to secret service agents. The district court's conclusion that Thomas' conduct evidenced considerable deliberation was correct.
 
 
 8
 Thomas argues that notwithstanding this evidence of deliberation, he is entitled to the four-level reduction because he did not deliberate with any intent to carry out his threat. But to qualify for the reduction, the conjunctive phraseology of Sec. 2A6.1(b)(2) requires both a lack of intent to carry out the threat and conduct involving "a single instance evidencing little or no deliberation." The district court correctly decided to deny the Sec. 2A6.1(b)(2) reduction.
 
 III.
 
 9
 The sentencing guidelines provide for a downward adjustment of two offense levels if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1. A district court's determination of whether a defendant has adequately demonstrated acceptance of responsibility is a factual issue which will not be disturbed unless clearly erroneous. See United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).
 
 
 10
 Thomas argues that because he admitted to Secret Service agents that he was involved in the criminal conduct, he had admitted responsibility. But while admitting writing the letter at this interview, he also asserted that he still intended to carry out his threat. He later explained the statement to the Secret Service agents as part of his effort to secure a transfer into federal custody. Where there are indicia inconsistent with genuine contrition, mere cooperation with authorities does not obligate a court to grant a two-level reduction. See United States v. Harris, 882 F.2d 902, 905-06 (4th Cir. 1989). The district court's decision to deny the reduction was not clearly erroneous.
 
 IV.
 
 11
 The sentencing guidelines provide for an upward adjustment of three offense levels where the victim is one of a specified group of officials. U.S.S.G. Sec. 3A1.2. The President is not one of these officials. Recognizing this omission, an application note expressly provides that the court should make an upward departure of at least three levels when the President, and other high-level officials are victims. See U.S.S.G. Sec. 3A1.2, comment. (n.2).
 
 
 12
 Thomas argues that the upward adjustment was unnecessary because he would not have been prosecuted if the object of his threat was not a government official. But nothing else in the sentencing guidelines increased Thomas' sentence because of his victim's official status. Thomas' argument that the upward departure penalizes him twice for the same attribute of his offense is therefore patently meritless.
 
 
 13
 Thomas also argues that the President was not a"victim" within the meaning of the application note because there is no evidence that the President ever was aware of the threat. In the only cited case on this issue, the court held that the President need not be made aware of the threat for the upward adjustment to be appropriate. See United States v. McCaleb, 908 F.2d 176, 179 (7th Cir. 1990). Thomas maintains that this decision was improperly based on the court's belief that such threats are disruptive and costly to the government. Id. He observes that U.S.S.G. Sec. 3A1.2, comment. (n.1) specifically provides that the enhancement does not apply when the only victim is the government, or an agency like the Secret Service. But even if the President was not made aware of each threat directed against him, the threats may nevertheless cause the President to restrict his movements and his contact with the public. See Rogers v. United States, 422 U.S. 35, 47 (1975) (Marshall, J., concurring). Thus, the President is actually and tangibly harmed by such threats, whether or not he has been informed about each threatening communication.
 
 
 14
 In view of the forgoing, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED